UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE A. BUSTILLO,

    Plaintiff,

v.                                  Case No: 2:15-cv-640-FtM-29MRM

L. PFANNKUCHEN, Nurse, MR. DOUGAN, Nurse, PAUL JACKSON, Nurse, CRUZ, Nurse, SIGLIANO, Nurse, H. GREIG, Nurse, and WEXFORD MEDICAL CO.,

    Defendants.

## ORDER OF DISMISSAL

**I.**

This matter comes before the Court upon periodic review of the file. On October 13, 2015, Plaintiff Jorge Bustillo, an inmate in the custody of the Secretary of the Florida Department of Corrections, initiated this action proceeding *pro se* by filing a Civil Rights Complaint Form (Doc. #1, hereinafter "Complaint") under 42 U.S.C. § 1983. The Complaint identifies defendants who are employed by the medical department at Desoto Correctional Institution, which is operated by Wexford Health Services, Inc. The incident giving rise to the cause of action stems from the medical staff's alleged inability to draw blood from Plaintiff at midnight after he had a seizure. Complaint at 7. The remaining allegations in the Complaint include fantastic and/or delusional

allegations of detailed, sexual relations between members of the medical staff and correctional officials. Complaint at 8-12. For the reasons that follow, the Court finds this action is subject to dismissal.

**II.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(b), (b)(1). In essence, § 1915A is a screening process to be applied sua sponte and at any time during the proceedings. In reviewing a complaint, however, the Court applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Under § 1915A, the Court "shall" dismiss the complaint if it fails to state a claim upon which relief may be granted. See also § 1915(e)(2). The standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6) applies to dismissals under § 1915A and § 1915(e)(2)(b)(ii). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001); Alba v. Montford, 517 F.3d 1249, 1252

(11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

Additionally, the Court "shall" dismiss the complaint if it is frivolous or malicious. See § 1915A(b)(1). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (discussing dismissal under former section 1915(d), which contained the same language as § 1915A)). A court may dismiss the claims under § 1915A where the claims rest on an indisputably meritless legal theory or is comprised of factual contentions that are clearly baseless. Id. at 327.

In Neitzke, the United States Supreme Court provided examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest which obviously does not exist, then the claim is found on an indisputably meritless legal theory. Id. at 327. Claims detailing fantastic or delusional scenarios fit into the factually baseless category. Id. at 327-328. The Supreme Court recognized that federal district judges are "all too familiar" with claims based on fantastic or delusional scenarios. Id. at 328.

### III.

According to the Amended Complaint, Plaintiff has epilepsy and brain cancer. Complaint at 6. Based on the number of seizures

he was having, Plaintiff was housed in the infirmary at Desoto Correctional Institution when the incident giving rise to the Complaint occurred. Id. at 7. Also as a result of the seizures, a physician at Desoto Correctional ordered blood work to be done after he had one of the seizures. Id. On an unspecified date around midnight after having a seizure, Plaintiff states he was brought to the medical department for his blood to be drawn. Id. Plaintiff alleges when he arrived at the medical department, Defendant Nurse Pfannkuchen tried to "find a vein" in order to draw blood, while another nurse, who Plaintiff alleges is "legally blind," inserted a needle to draw blood to no avail. Id. The remaining allegations in the Complaint detail other reasons why Plaintiff believes his blood draw was not successful that night and other unrelated conversations he had subsequently with Nurse Pfannkuchen. Id. at 8-12. As relief, Plaintiff seeks monetary damages. Id. at 14.

## IV.

The Court finds that the Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A and/or § 1915(e)(2)(B)(ii) for failure to state an Eighth Amendment claim. Even liberally construing the facts alleged in the Complaint, the Court finds the action fails to state a cruel and unusual punishment claim under the United States Constitution.

The Eight Amendment forbids cruel and unusual punishment and applies to the states through the Due Process Clause of the Fourteenth Amendment and prohibits the "unnecessary and wanton infliction of pain." Thomas v. Bryant, 614 F.3d 1288, 1303-1304 (11th Cir. 2010) (citations omitted). To establish an Eighth Amendment conditions of confinement claim, a plaintiff must show: an objective showing of a deprivation or injury that is "sufficiently serious" to constitute a denial of the "minimal civilized measure of life's necessities" and a subjective showing that the official had a "sufficiently culpable state of mind." Id. at 1304 (citations omitted). To state a claim for an unconstitutional condition of confinement, "extreme deprivations" are required. Id. The relevant state of mind inquiry rests on deliberate indifference. Id.

At the outset, the Court will not engage in an analysis involving the allegations that it finds delusional and fantastic, e.g. the sexual relations of the correctional staff and the medical staff in the medical department at Desoto Correctional. Neitzke, 490 U.S. at 328. The remaining facts set forth in the Complaint do not show that Defendant Jackson's attempts to draw Plaintiff's blood were done for malicious and sadistic purposes. According to the Complaint, a physician at Desoto Correctional ordered that Plaintiff's blood be drawn after he had a seizure for testing purposes to determine why he was having an increased number of

seizures. Complaint at 7. The attempt to draw Plaintiff's blood post-seizure was in compliance with the physician's orders, albeit to no avail. See Ali v. McAnany, 262 F. App'x 443 (3d Cir. 2008) (affirming district court's finding that unsuccessful blood draw did not violate the Eighth Amendment). Further, the Complaint does not explain how the nurses' failure to successfully draw Plaintiff's blood on the evening in question caused him any harm.

To the extent the Complaint is attempting to allege a deliberate indifference to a serious medical condition claim, the Court also finds the Complaint fails to state a claim. A prisoner alleging a constitutional deliberate indifference claim "must sufficiently allege 'both an objectively serious medical need and that a Defendant acted with deliberate indifference to that need.'" Harper v. Lawrence Cty., Ala., 592 F.3d. 1227, 1233 (11th Cir. 2010)(quoting Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008)(footnote omitted)). "[A] serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either situation, "the medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" Id. (citing Taylor, 221 F.3d at 1258) (alteration in original).

To establish "deliberate indifference," the plaintiff must establish that Defendants: "(1) had sufficient knowledge of a risk of serious harm; (2) disregarded that risk; and, (3) acted with more than gross negligence." Harper, 592 F.3d at 1233 (citations omitted). Further, the plaintiff must show that it was the "Defendant's conduct" that "caused [Plaintiff's] injuries." Id. "[M]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).

Further, a plaintiff must allege that the Defendant disregarded the risk of serious harm to the plaintiff with conduct that rises beyond negligence. Marsh v. Butler Cty., Ala., 268 F.3d 1014, 1027 (11th Cir. 2001). "Deliberate indifference" can include "the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." Taylor v. Adams, 221 F.3d 1254, 1259-60 (11th Cir. 2000) (internal quotation omitted). Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. Farrow v. West, 320 F.3d 1235, 1247 (11th Cir. 2003). A plaintiff seeking to show that a delay in medical treatment amounted to deliberate

indifference "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Hill v. Dekalb Reg'l Youth Pet. Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994), abrogated in part on other grounds by, Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002)); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730 (2002) . . . the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners.").

To establish "sufficient knowledge," a Defendant "'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [ ] must also draw the inference.'" Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005)). "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual Defendant must be judged separately and on the basis of what that person knows." Burnette, 533 F.3d at 1331.

Here, Plaintiff's need to have his blood drawn does not constitute a serious medical condition. As set forth above, a serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Farrow, 320 F.3d at 1243. In either

situation, "the medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" There are neither any allegations that Plaintiff's blood was not eventually successfully drawn, nor any ramifications from a delay in having the blood drawn for testing. Accordingly, the Court finds this action subject to dismissal for failure to state a deliberate indifference to a serious medical need claim.

### V.

Finally, the Court finds this action subject to dismissal due to Plaintiff's failure to comply with the Court's Order. On January 6, 2016, the Court entered an order directing Plaintiff to file an initial, partial filing fee of $23.00 within thirty days from the date on the Order based on the funds he had available in his inmate account. See Doc. #12. The Court warned Plaintiff that failure to timely comply would result in the dismissal of the case without further notice. Id. at 1. As of the date on this Order, Plaintiff has not complied with the Court's January 6, 2016 Order.[1] See Feb. 12, 2016 entry detailing $14.00 in fees. For failing to comply with the Court's order, this case is subject to dismissal, without prejudice.

ACCORDINGLY, it is hereby

---

[1] Plaintiff alleges in his motion for miscellaneous relief that defendants have not served him copies of their responses. See Doc. #13. Considering defendants have not been served with process, Plaintiff is not missing any copies from Defendants.

**ORDERED:**

1. The Complaint (Doc. #1) is **DISMISSED, without prejudice**, under § 1915A and/or § 1915(e)(2)(b)(ii).  Alternatively, the Complaint is **DISMISSED, without prejudice**, for failing to comply with the Court's January 6, 2016 order.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __19th__ day of April, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record